UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

\_\_\_\_\_ FILED   \_\_\_\_\_ ENTERED
\_\_\_\_\_ LOGGED   \_\_\_\_\_ RECEIVED

JUN 15 2011

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

TRISTAN WHITE

Plaintiff,

V.

DIVERSIFIED COLLECTION SERVICES, INC.

Defendant.

CIVIL ACTION NO

RWT11CV1650

JUNE 14, 2011

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Bethesda, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant is a collection agency engaged in the business of collecting debts in the State of Maryland with a principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, CA 94551-7661.

8. Defendant and is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant communicated with Plaintiff one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

10. The Plaintiff received a collection letter from the Defendant attempting to collect a consumer debt that was for personal, family or household use.

11. In the collection efforts, the defendant violated the FDCPA, § 1692e by misrepresenting the Plaintiff's right to dispute a debt.

12. The Plaintiff contacted the Defendant by calling the advertised 800 telephone number disclosed on a written demand sent to the Plaintiff by the Defendant.

13. Plaintiff called the defendant and asked if the defendant would note his oral dispute on the account.

14. Defendant advised the Plaintiff that they would not take an oral dispute that he was required to provide written documentation proving his dispute, in addition to a written request to dispute this debt.

15. Defendant advised the Plaintiff that he owed two different amount of debt in violation of §1692e (2) (A).

16. Defendant failed to provide the required notice pursuant to §1692e (11) in all the oral communications with the Plaintiff.

17. Defendant advised the Plaintiff during one conversation that they reported this debt on his credit report.

18. Defendant advised the Plaintiff that they do no report debts to the credit bureaus.

19. Defendant misstated the validation of debts clause and shortened the dispute rights by one (1) full day and violated §1692e & f.

20. Defendant has violated §1692 e, f and g.

## SECOND COUNT

22. The allegations of the First Count are repeated and realleged as if fully set forth herein.

22. Within three years prior to the date of this action, Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq., including but not limited to making false, deceptive and misleading statements in violation of §1692e and shortening the dispute period in violation of §1692g.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.

2. Award Plaintiff statutory damages pursuant to MCDCA

3. Award Plaintiff costs of suit and a reasonable attorney's fee.

4. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com